# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **PAUL TURNER** ) | |
| ) | Case No. 08 C 4241 |
| Plaintiff, ) | |
| ) | |
| ) | FIRST AMENDED |
| vs. ) | COMPLAINT FOR VIOLATION |
| ) | OF CIVIL RIGHTS |
| CITY OF CHICAGO, Chicago Police Officers ) | |
| J. Elstner, Star No. 18770, Scott Hall Star No. 12973 ) | JUDGE KENDALL |
| Robert Woods, Star No. 15143, J. Adreani, ) | |
| Star No. 6185, L. Arroyo, Star No. 7108, and officer ) | |
| Schaffers ) | |
| Defendants, ) | JURY DEMANDED |

Plaintiff alleges:

## JURISDICTION AND VENUE

1.      This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3.      At all times herein mentioned, plaintiff PAUL TURNER was and is a citizen of the United States, and was within the jurisdiction of this court.

4.      At all times herein mentioned defendant Chicago Police Officer J. Elstner, Star No. 18770, ("ELSTNER") was employed by the Chicago Police Department, and was acting

under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

5. At all times herein mentioned defendant Chicago Police Officer Scott Hall, Star No. 12973, ("HALL") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

6. At all times herein mentioned defendant Chicago Police Officer Robert Woods, Star No. 15143, ("WOODS") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

7. At all times herein mentioned defendant Chicago Police Officer J. Adreani, Star No. 6185, ("ADREANI") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

8. At all times herein mentioned defendant Chicago Police Officer L. Arroyo, Star No. 7108, ("ARROYO") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

9. At all times herein mentioned defendant Chicago Police Officer Schaffers ("SCHAFFERS") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

10. At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

11. On or about August 19, 2006, Plaintiff was lawfully in a public place, in the City of Chicago, County of Cook, State of Illinois.

12. At that time and place defendants ELSTNER, HALL, WOODS, ADREANI, ARROYO, and SCHAFFERS seized plaintiff and/or caused him to be seized.

13. Plaintiff did not consent to being seized.

14. There was no outstanding arrest warrant for plaintiff.

15. There was no legal cause to seize plaintiff.

16. By reason of the above-described acts and omissions of defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

17. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

18. By reason of the above-described acts and omissions of defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff

requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
**Plaintiff Against ELSTNER, HALL, WOODS, ADREANI, ARROYO, and SCHAFFERS for UNREASONABLE SEIZURE**

19. Plaintiff hereby incorporates and realleges Paragraphs one (1) through eighteen (18) hereat as though fully set forth at this place.

20. By reason of the conduct by ELSTNER, HALL, WOODS, ADREANI, ARROYO, and SCHAFFERS Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

21. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated the Plaintiff's rights in the following manner: the seizure of Plaintiff was without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II

**Plaintiff Against defendants ELSTNER, HALL, WOODS, ADREANI, ARROYO, SCHAFFERS and the CITY OF CHICAGO For The State Supplemental Claim Of Malicious Prosecution**

22. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through eighteen (18) hereat as though fully alleged at this place.

23. Defendants ELSTNER, HALL, WOODS, ADREANI, ARROYO, and SCHAFFERS caused a criminal prosecution to commence against the plaintiff.

24. Defendants ELSTNER, HALL, WOODS, ADREANI, ARROYO, and SCHAFFERS, police officers employed by the CITY OF CHICAGO, maliciously commenced and caused to be continued a criminal action against the plaintiff without probable cause for the institution of these proceedings. As a result, plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

25. Defendants ELSTNER, HALL, WOODS, ADREANI, ARROYO, and SCHAFFERS facilitated this malicious prosecution by the creation of false evidence, by giving false police reports and/or preparing and signing false criminal complaints.

26. The criminal proceedings were terminated in the plaintiffs' favor on or after August 22, 2007.

27. The CITY OF CHICAGO is liable to plaintiff for the acts of ELSTNER, HALL, WOODS, ADREANI, ARROYO, and SCHAFFERS pursuant to the doctrine of *respondeat superior.*

28. Therefore, defendants ELSTNER, HALL, WOODS and the CITY OF CHICAGO are liable under the state supplemental claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: /s/Garrett Browne
Garrett Browne

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY:/s/Garrett Browne
Garrett Browne

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com